**Mamica BELLI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

Nos. 04–4332–AG(L), 04–4333(CON) NAC.

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

G.F. Peterman III, Acting United States Attorney for the Middle District of Georgia, Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

In the case filed under Docket Number 04–4332–ag, Mamica Belli petitions for review of the BIA decision affirming an Immigration Judge's ("IJ's") denial of her husband Luan's claims for asylum, withholding of removal, and relief under the Convention Against Torture. In the case filed under Docket Number 04–4333–ag, Mamica's husband, Luan, and their daughter, Irla, petition for review of the same BIA decision. Because Mamica Belli's claims for relief are entirely derivative of her husband's, and because both petitions challenge the same BIA decision with the same administrative record, we hereby CONSOLIDATE the two petitions for review and designate Docket Number 04–4332–ag as the lead petition. We assume the parties' familiarity with the underlying facts and procedural history.

Although the BIA did not expressly adopt the IJ's decision, this Court will review the IJ's decision because the BIA merely restated the IJ's reasoning. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales*, 331 F.3d at 306–13; *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In denying Belli's request for asylum, the IJ expressed skepticism as to Belli's claim of past persecution, but added that, even if Belli had been the victim of past persecution, changed conditions in Albania meant that he was nonetheless ineligible for asylum. If an asylum applicant does demonstrate past persecution, the government bears the burden of showing, by a preponderance of evidence, a change in circumstances in the applicant's home country, such that he does not have a well-founded fear of future persecution. *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d Cir.2003); 8 C.F.R. § 208.13(b)(1)(i). But the IJ's decision does not acknowledge that this burden is the government's, or state that this burden has been met. We may not uphold an IJ's decision that relies on an incorrect application of law. *See Jin Shui Qiu*, 329 F.3d at 149. Still, if the IJ had conclusively found, as an alternative and independent ground for the decision, that Belli had not met his burden of showing past persecution, and if we determined that such finding was supported by substantial evidence, the decision of the IJ could stand. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005). But because it is not clear what the basis for the IJ's decision is—the lack of past persecution, or changed circumstances in Albania—we must remand to the agency for further consideration and clarification. *See SEC v. Chenery*, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

Accordingly, the petitions are GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motions for a stay of removal in these petitions are DENIED as moot. Any pending requests for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate

Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).